# EXHIBIT A

PHDATA 6454657_1

CORRADINO & PAPA, LLC
Casey Building
935 Allwood Road
Clifton, NJ 07012
(973)574-1200
Jack Vincent Corradino, Esq.
Attorney I.D. No.: 002761996
*Attorneys for Plaintiff(s)*

| | |
|---|---|
| ISABEL MELENDEZ AND ROBERT MELENDEZ (her husband), <br><br> Plaintiffs, <br><br> v. <br><br> TARGET CORPORATION, JOHN DOES 1-10, JANE DOES 1-10 (fictitious names), ABC CORPS. 1-10, (fictitious business entities whose identities are presently unknown), <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: ESSEX COUNTY <br><br> DOCKET NO.: ESX-L- <br><br> Civil Action <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiffs, **ISABEL MELENDEZ AND ROBERT MELENDEZ**, residing at **390 PREAKNESS AVENUE, IN THE CITY OF PATERSON, COUNTY OF PASSAIC AND STATE OF NEW JERSEY**, by way of Complaint against the listed defendant(s) respectfully say that:

### FIRST COUNT

1. On or about **AUGUST 19, 2016**, plaintiff was lawfully upon a premises located in and around the area of **632 ROUTE 46 EAST, IN THE TOWNSHIP OF FAIRFIELD, COUNTY OF ESSEX AND STATE OF NEW JERSEY.**

2. At all relevant times, Defendant(s), **TARGET CORPORATION, JOHN DOES 1-10, JANE JOES 1-10, ABC CORPS. 1-10** owned a property located at 632 Route 46 East, in the Township of Fairfield, County of Essex and State of New Jersey.

CORRADINO & PAPA, LLC
935 Allwood Road, Suite 240
Clifton, N.J. 07012
(973) 574-1200

3. At said time and place, the plaintiff slipped and fell due to a wet substance on the floor while walking upon said premises due to the negligence, carelessness, and/or recklessness of the Defendant(s).

4. The Defendants were negligent, careless, and/or reckless in that they including, but not limited to:

    (a) Did not keep the premises in a safe condition;

    (b) Did not exercise due and proper care;

    (c) Caused a dangerous and hazardous condition to exist;

    (d) Failed to provide proper safeguards and warnings on its property;

    (e) Failed to provide proper, safe and clear access for persons allowed and invited to use said property, including the plaintiff;

    (f) Was otherwise negligent in the premises.

5. Defendant(s), **TARGET CORPORATION, JOHN DOES 1-10, JANE JOES 1-10, ABC CORPS. 1-10** are/were vicariously liable for the negligence, carelessness, and/or recklessness of their agents, servants, and/or employees.

6. As a direct and proximate result of the negligence, carelessness, and/or recklessness of the Defendants as aforesaid, the Plaintiff was caused to suffer severe and permanent bodily injuries, has suffered and will in the future continue to suffer great and excruciating pain in mind and body, has and will continue to lose enjoyment of life, has become and will in the future continue to be sick, sore, lame, disabled and prevented from performing and tending to her duties, affairs and foreseeable activities, and has expended and will in the future continue to expend large sums of money for necessary medical care and attention in an attempt to effect a cure.

CORRADINO & PAPA, LLC
935 Allwood Road, Suite 240
Clifton, N.J. 07012
(973) 574-1200

WHEREFORE, Plaintiffs respectfully demand judgment against the Defendants jointly, severally or in the alternative for compensatory damages, interest, costs of suit, and such other and further relief as the Court deems just and proper.

## SECOND COUNT

1.  Plaintiffs repeat and reallege the allegations contained in the First Count of the Complaint as if set forth herein at length.

2.  At all relevant times, Defendant(s), **TARGET CORPORATION, JOHN DOES 1-10, JANE JOES 1-10, ABC CORPS. 1-10,** managed, controlled, and/or were otherwise responsible for the upkeep, quality, maintenance and/or repair of the premises, including the interior aisles in and around the area where Plaintiff was caused to fall.

3.  The Defendants were negligent, careless, and/or reckless in that they including, but not limited to:

    (a) Did not keep the premises in a safe condition;

    (b) Did not exercise due and proper care;

    (c) Caused a dangerous and hazardous condition to exist;

    (d) Failed to provide proper safeguards and warnings on its property;

    (e) Failed to provide proper, safe and clear access for persons allowed and invited to use said property, including the plaintiff;

    (f) Was otherwise negligent in the premises.

4.  Defendant(s), **TARGET CORPORATION, JOHN DOES 1-10, JANE JOES 1-10, AND/OR ABC CORPS. 1-10** are/were vicariously liable for the negligence, carelessness, and/or recklessness of their agents, servants, and/or employees.

5.    As a direct and proximate result of the negligence, carelessness, and/or recklessness of the Defendants as aforesaid, the Plaintiff was caused to suffer severe and permanent bodily injuries, has suffered and will in the future continue to suffer great and excruciating pain in mind and body, has and will continue to lose enjoyment of life, has become and will in the future continue to be sick, sore, lame, disabled and prevented from performing and tending to her duties, affairs and foreseeable activities, and has expended and will in the future continue to expend large sums of money for necessary medical care and attention in an attempt to effect a cure.

**WHEREFORE**, Plaintiffs respectfully demand judgment against the Defendants jointly, severally or in the alternative for compensatory damages, interest, costs of suit, and such other and further relief as the Court deems just and proper.

### THIRD COUNT

1.    Plaintiffs repeat and reallege all of the allegations contained in the First and Second Counts of the Complaint as if set forth herein at length.

2.    The Defendant(s), **JOHN DOES 1-10, JANE DOES 1-10, ABC CORPS.1-10** (fictitious individuals and business entities whose identities are presently unknown), owned, managed, maintained, and/or controlled the property located at 632 Route 46 East, in the Township of Fairfield, County of Essex and State of New Jersey.

3.    The Defendant(s), **JOHN DOES 1-10, JANE DOES 1-10, ABC CORPS.1-10** (fictitious individuals and business entities whose identities are presently unknown), negligently, carelessly, and/or recklessly owned, managed, maintained, repaired, and/or controlled premises, causing Plaintiff to fall.

4

CORRADINO & PAPA, LLC
935 Allwood Road, Suite 240
Clifton, N.J. 07012
(973) 574-1200

4. The Defendants were negligent, careless, and/or reckless in that they including, but not limited to:

    (a) Did not keep the premises in a safe condition;

    (b) Did not exercise due and proper care;

    (c) Caused a dangerous and hazardous condition to exist;

    (d) Failed to provide proper safeguards and warnings on its property;

    (e) Failed to provide proper, safe and clear access for persons allowed and invited to use said property, including the plaintiff;

    (f) Was otherwise negligent in the premises.

5. The Defendant(s) are/were vicariously liable for the negligence, carelessness, and/or recklessness of their agents, servants, and/or employees.

6. As a direct and proximate result of the negligence, carelessness, and/or recklessness of the Defendants as aforesaid, the Plaintiff was caused to suffer severe and permanent bodily injuries, has suffered and will in the future continue to suffer great and excruciating pain in mind and body, has and will continue to lose enjoyment of life, has become and will in the future continue to be sick, sore, lame, disabled and prevented from performing and tending to her duties, affairs and foreseeable activities, and has expended and will in the future continue to expend large sums of money for necessary medical care and attention in an attempt to effect a cure.

**WHEREFORE**, Plaintiffs respectfully demand judgment against the Defendants jointly, severally or in the alternative for compensatory damages, interest, costs of suit, and such other and further relief as the Court deems just and proper.

CORRADINO & PAPA, LLC
935 Allwood Road, Suite 240
Clifton, N.J. 07012
(973) 574-1200

## FOURTH COUNT

1. Plaintiffs repeat and reiterate each and every paragraph contained in the First, Second and Third Counts as if set forth at length herein.

2. Plaintiff, **ROBERT MELENDEZ**, at all relevant times is and has been the lawful husband of Plaintiff **ISABEL MELENDEZ**, and as such is entitled to her care and consortium.

3. As a direct and proximate result of the aforesaid Defendants' negligence, carelessness and/or recklessness, Plaintiff, **ROBERT MELENDEZ**, has been caused to sustain a loss of consortium and services of his wife, **ISABEL MELENDEZ**.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants as aforesaid, either jointly, severally or in the alternative, for damages together with interest and costs of suit.

Dated: March 19, 2018

By: _____
JACK VINCENT CORRADINO

## JURY DEMAND

Plaintiffs, **ISABEL MELENDEZ AND ROBERT MELENDEZ**, hereby demand a trial by jury as to all issues so triable in the above matter pursuant to R. 1:8-2(b), (c), et seq.

Dated: March 19, 2018

By: _____
JACK VINCENT CORRADINO

6

CORRADINO & PAPA, LLC
935 Allwood Road, Suite 240
Clifton, N.J. 07012
(973) 574-1200

## TIME UNIT RULE

Plaintiff(s) intends on using the Time Unit pursuant to Rule 1:7-1(b).

Dated: March 19, 2018        By: _____
                                  JACK VINCENT CORRADINO

## DESIGNATION OF TRIAL COUNSEL

In accordance with R. 4:25-4, Timothy J. Fonseca, Esq., is hereby designated as trial counsel as to all issues and matters affecting this litigation on behalf of the Plaintiffs, **ISABEL MELENDEZ AND ROBERT MELENDEZ.**

Dated: March 19, 2018        By: _____
                                  JACK VINCENT CORRADINO

## CERTIFICATION PURSUANT TO R. 4:5-1

The plaintiff(s) hereby certify that the matter in controversy is not the subject of any other action pending in any court and is likewise not the subject of any pending arbitration proceeding. The plaintiff(s) further certify that the plaintiff(s) have no knowledge of any contemplated action or arbitration proceeding which is contemplated regarding the subject matter of this action and is not aware of any other parties who should be joined in this action.

Dated: March 19, 2018        By: _____
                                  JACK VINCENT CORRADINO

7

CORRADINO & PAPA, LLC
935 Allwood Road, Suite 240
Clifton, N.J. 07012
(973) 574-1200

## DEMAND FOR INTERROGATORY ANSWERS

Demand is hereby made upon Defendants to provide answers to the applicable Uniform Personal Injury Interrogatories Form C and C (2) within the time prescribed by the Rules of Court.

Dated: March 19, 2017

By: _____
JACK VINCENT CORRADINO

8

CORRADINO & PAPA, LLC
935 Allwood Road, Suite 240
Clifton, N.J. 07012
(973) 574-1200

```
ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK           NJ 07102
                                         TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM

                          DATE:   MARCH 19, 2018
                          RE:     MELENDEZ ISABEL   VS TARGET CORPORATION
                          DOCKET: ESX L -001904 18

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON ANNETTE SCOCA

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (973) 776-9300.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                          ATTENTION:
                                    ATT: TIMOTHY J. FONSECA
                                    CORRADINO & PAPA LLC
                                    935 ALLWOOD RD STE 240
                                    CLIFTON         NJ 07012

ECOURTS
```